### The Chicago, Kansas & Western Railroad Company v. J. W. Turner.

Immaterial Errors — *Judgment, Not Reversed.* Immaterial errors in the admission of evidence will not require a reversal of the judgment.

*Error from Woodson District Court.*

Action by *Turner* against the *Railroad Company*, to recover damages for defendant's right-of-way over his land. Trial at the March term, 1887, and verdict for plaintiff for $1,302.75. New trial denied defendant, and judgment rendered accordingly for plaintiff. The defendant company brings the case to this court. The facts appear in the opinion.

*Geo. R. Peck*, *A. A. Hurd*, and *Robert Dunlap*, for plaintiff in error.

*G. R. Stephenson*, and *W. H. Slavens*, for defendant in error.

The opinion of the court was delivered by

Valentine, J.: This is a condemnation proceeding similar to the two cases just decided, wherein the same plaintiff

is plaintiff, and Wilkinson and Morrow are the defendants. The first point presented by the plaintiff in error in this case is disposed of by those two cases just mentioned.

The second point is with regard to the admission of testimony. This point, however, includes several points; for the plaintiff in error, defendant below, objected on the trial in the court below to the introduction of several different portions of the testimony. With respect to the introduction of evidence by the defendant in error, plaintiff below, the record shows among other things as follows:

"Q. What in your judgment was the fair market value of that land of Dr. Turner's just before it was appropriated by the defendant railroad company? [Objected to by defendant on the ground that witness had not shown sufficient knowledge to answer. Objection overruled, to which ruling the defendant excepts.] A. That half-section as a farm was worth about eight thousand dollars.

"Q. What in your judgment was the fair market value of the land just after the appropriation by the railroad company, *exclusive of any benefits now which this land derives in common with other lands by reason of the construction of it through the lands?* [Same objection, and same ruling. Defendant excepts.] A. I believe as a stock farm it destroys the value of it one-third."

With respect to this evidence the plaintiff in error now claims as follows:

"Evidence of the above character is improper, because it authorizes the witness to take into consideration the question of benefits, and give his opinion of the effect; and what he may consider as benefits or not, we are not informed."

Evidently the question now presented is not the one that was presented to the court below. The one presented to the court below was really whether the witness had sufficient knowledge or not to answer as to market value. That is not the one now urged. The witness was shown to be a competent witness as to market value. But even if the present question had been presented to the court below, still we would not think under all the facts of the case that the ruling that

was made would constitute material error. It may be that the words in italics should not have been added to the question. The record with regard to the evidence of the plaintiff below further shows as follows:

"Q. What, if any, danger is there in handling stock on a farm through which a railroad runs, if the railroad is run in a proper and legal manner? [Objected to; overruled; defendant excepts.]

"Q. If they run trains as railroads ordinarily run trains, in a lawful and proper manner, what, if any, danger is there to stock? [Objected to as incompetent and no foundation laid. Overruled; defendant excepts.] A. It is a good deal of danger to kill them, and to run away, and about teams running away at any time, and the horses can't be catched at all times.

"Q. What, if any, danger is there to a farm by reason of fire, where the road is operated in a lawful manner, with ordinary and proper care? [Objection as incompetent, irrelevant and immaterial; overruled; defendant excepts.] A. Well, there is big danger; there is danger every day, and you don't know when."

No motion was made to strike out any of this evidence. The land in question was in part a stock farm, and the witness was a German farmer and stock-raiser who had lived near the land in question for about 31 years, and was well acquainted with it, and knew for what purpose it was used, and knew its value. The objection now urged to the testimony is substantially as follows: It is claimed that the evidence was improper for the reason that it called for the opinion of the witness as to whether there was any danger or not, and did not call for facts upon which the jury might base their conclusions as to whether any danger existed or not. And it is further claimed that the evidence was improper because it asked the witness to draw his conclusions as to what was meant by the railroad being run in a proper and legal manner, which, it is claimed, is a conclusion not only of fact, but also of law. Perhaps the foregoing questions should not have been asked as they were asked, but still no material error was committed; for it must always be presumed, in the absence of anything to the contrary, that a railroad company will

operate its road in a lawful and proper manner, and everybody must know that even then there will be some danger to stock on a farm through which the railroad is operated, and some danger from fire to buildings, etc.; and the facts with respect to this farm, the stock and the improvements, etc., upon it, and how this railroad was constructed through it, were fully shown, and also the witness's knowledge was fully shown by examination and cross-examination, and the jury could not well have been misled by the witness's conclusions. Hence we think that no material error was committed in permitting these questions to be asked and answered.

There was some other evidence introduced by the plaintiff and objected to by the defendant, but we do not think that any material error was committed by the court in permitting the evidence to be introduced.

Indeed, we do not think that any material error was committed in the case. We do not say that no error was committed in the case, for errors are committed on the trial of almost every case of any magnitude; but what we do say is that no material error was committed by the court in the case; and immaterial errors will not require a reversal.

The judgment of the court below will be affirmed.

All the Justices concurring.